## No. 866

### JOHNSON, Guard. v. MYERS

Ohio Appeals, 4th Dist., Gallia Co.

Decided Oct. 20, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

593. GUARDIAN AND WARD—85 Appeal—Section 11206 GC., gives foreign guardian, adversely affected by refusal to remove resi-

dent guardian, right to appeal to Common Pleas.

**681—JURISDICTION—Common Pleas** Court is without authority, under 10942 GC., to take jurisdiction and remove resident guardian, until proof, required by this section, has been made.

**923. PLEADINGS—1.** Allegation, in petition, that laws of foreign state contain same provisions, as to removal of guardian, as are contained in 10940 and 10941 GC., not sufficient, as proof, to comply with 10942 GC.

**2.** Rule that all material allegations in pleading should be traversed by opposite party and that failure to do so is tacit admission of their truth, qualified by further rule that denial must be necessary by rules of pleading, to give failure to deny such effect.

Error to Common Pleas.
Judgment reversed.

Henry W. Cherrington, Gallipolis, for Johnson.

H. C. Johnston, Gallipolis, for Myers.

STATEMENT OF FACTS.

The facts involved in this controversy show that, in 1920, the plaintiff in error was appointed guardian of said minors, who were children of his deceased son, Lorenzia Johnson, who had served as a soldier in the world war. It further appears that whatever property of said minors then came into the possession of said guardian consisted wholly of compensation for them from the government. Subsequently Anna Carter Myers, the former wife of Lorenzia Johnson and the mother of said children, remarried and, with her husband, removed from this county to Otter Co., Colorado. In the latter county Mrs. Myers was appointed guardian of her children aforesaid, and, thereupon, filed, in the Probate Court of this County, an exemplified copy of the record of her appointment, with a petition asking for the removal of said Jerome R. Johnson as guardian, as aforesaid. The matter was thereupon heard in the Probate Court in this county, which court, upon said hearing, refused to remove said Jerome R. Johnson, as said guardian and dismissed the proceeding. Mrs. Myers then appealed the matter to the Court of Common Pleas, and, in that court, the finding was made in her favor. In the present proceeding it is maintained by Johnson that said finding was not supported by sufficient evidence and was and is not justified by the statutory law controlling such proceedings.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MIDDLETON, J.

The action was instituted under favor of 10940-1-2-3 and 4 GC. and it is contended, first that, when disposed of in the Probate Court, it was not appealable to the Court of Common Pleas. The answer to this contention, we think, is found in the provisions of 11206 GC., wherein it is provided:

"Appeal may be taken to the Common Pleas Court by a person against whom it is made, or whom it affects * * * from an order removing or refusing to remove an executor, administrator, guardian," etc.

The right of the respondent to appeal from such an order against a guardian has never been questioned, and there is nothing brought to our attention and we know of nothing in the statutes which makes any exception in the case of an application by a foreign guardian. We are of the opinion, therefore, that the section quoted gives a foreign guardian, adversely affected by a refusal to remove a resident guardian, the right to an appeal to the Court of Common Pleas.

It is further urged that the provision of 10942 GC., which provides that no removal may be made in favor of a foreign guardian unless "At the time of the hearing the state or territory in which he was appointed has the same provisions as to wards removing therefrom" was wholly ignored and that there was no evidence before the Court of Common Pleas to show that, in the instant case, the state of Colorado had any similar statutory provisions in respect to wards removing from that state to another state. It is contended that this objection is met by the fact that, in the petition filed by Mrs. Myers for the removal of the resident guardian, it is alleged that:

"The laws of the State of Colorado, to wit, Section 5279 and 5280 of the Compiled Laws of Colorado, 1921, contain the same provisions as to the removal of guardians as are contained in Section 10940 and 10941 of the General Code of Ohio."

While it may be true, as contended by Mrs. Myers, that all material allegations in a pleading should be traversed by the opposite party and that a failure to do so is a tacit admission of their truth, yet this doctrine is qualified by the further rule that a denial must be necessary, by the rule of pleading, to give the failure to deny such effect. In the instant case no pleadings were necessary in the first instance and the fact that a petition for removal was filed did not impose on the resident guardian any duty or responsibility to answer the same. The petition, therefore, is without force as a pleading as it is not within the rule requiring an answer, in the absence of which its material allegations may be considered as admitted. It follows that there was no evidence whatever adduced in the hearing to show that the state of Colorado has the same provision as this state in respect to wards removing from the former state. The Common Pleas Court was without authority, under the provisions of 10942 GC., to take jurisdiction and remove the resident guardian, until such proof was made. Its judgment, for that reason, may be reversed and the case is remanded to that court for a new trial.

(Mauck, J. concurs. Sayre, PJ. not sitting.)